IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAZEL MCMILLON, ET AL., | ) | CIVIL NO. 08-00578 LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAI`I, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### ORDER GRANTING PLAINTIFFS' MOTION FOR
### PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On November 5, 2010, Plaintiffs Hazel McMillon, Gene Strickland, Trudy Sabalboro, Katherine Vaiola, and Lee Sommers, individually and on behalf of a class of present and future residents of Kuhio Park Terrace and Kuhio Homes who have disabilities affected by architectural barriers and hazardous conditions (collectively "Plaintiffs"), filed the instant Motion for Preliminary Approval of Class Action Settlement ("Motion"). On November 22, 2010, Third-Party Defendant/Counterclaimant Urban Management Corporation, doing business as Urban Real Estate Company ("Urban"), filed its memorandum in opposition, which Defendant/Cross Claimant/Cross Defendant Realty Laua LLC ("Realty Laua")[1] joined on November 24, 2010.  Defendants/Cross Defendants/Crossclaimants/Third-Party Plaintiffs/Counterclaim

---

[1] Realty Laua was formerly known as R & L Property Management LLC, a Hawai`i limited liability company.

Defendants the State of Hawaii and Hawaii Public Housing Authority (collectively "State Defendants") filed a statement of no opposition on November 24, 2010.  Plaintiffs filed their reply on November 29, 2010.  This matter came on for hearing on December 13, 2010.  Jason, Kim, Esq., appeared on behalf of Plaintiffs, John Cregor, Jr., and John Wong, Esq., appeared on behalf of the State Defendants, Michael Tom, Esq., appeared on behalf of Urban, and Kelvin Kaneshiro, Esq., appeared on behalf of Realty Laua.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' Motion is HEREBY GRANTED for the reasons set forth below.

## **DISCUSSION**

The instant Motion seeks preliminary approval of the settlement in this class action pursuant to Federal Rule of Civil Procedure 23(e).  Rule 23(e) states, in pertinent part:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval.  The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> > (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> >
> > (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> >
> > (3) The parties seeking approval must file a

>     statement identifying any agreement made in
>     connection with the proposal.
>
>     . . . .
>
>     (5) Any class member may object to the
>     proposal if it requires court approval under
>     this subdivision (e); the objection may be
>     withdrawn only with the court's approval.

"The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted).

The Court must examine the settlement as a whole for overall fairness. The Court must approve or reject the settlement in its entirety; it cannot alter certain provisions. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). The Court must balance the following factors:

>     the strength of the plaintiffs' case; the risk,
>     expense, complexity, and likely duration of
>     further litigation; the risk of maintaining class
>     action status throughout the trial; the amount
>     offered in settlement; the extent of discovery
>     completed and the stage of the proceedings; the
>     experience and views of counsel; the presence of a
>     governmental participant; and the reaction of the
>     class members to the proposed settlement.

Id. (citations omitted).

The Court notes that Urban and Realty Laua do not oppose the proposed settlement between Plaintiffs and the State Defendants, but they "oppose" the Motion in order to ensure that, in approving the proposed settlement, the Court does not express

any findings about any claims other than Plaintiffs' claims against the State Defendants.  The Court therefore emphasizes that, although the State Defendants have assigned claims to Plaintiffs as part of the consideration for the settlement agreement, the Court expresses no opinion as to the merit of the assigned claims.

Having considered all of the relevant factors, and for the reasons set forth in the Motion, this Court makes a preliminary finding that the proposed settlement is fair, reasonable, and adequate.  The Court therefore GRANTS preliminary approval of the settlement.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, filed November 5, 2010, is HEREBY GRANTED.  The Court DIRECTS Plaintiffs' counsel to provide notice of the proposed settlement to the class.  This Court will conduct a final fairness hearing on **January 31, 2011, at 10:00 a.m.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 16, 2010.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**HAZEL MCMILLON, ET AL. V. STATE OF HAWAI`I, ET AL; CIVIL NO. 08-00578 LEK; ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**