IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAZEL MCMILLON, ET AL., | ) | CIVIL NO. 08-00578 LEK-RLP |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAI`I, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND PLAINTIFFS'
<u>SECOND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS</u>**

On November 14, 2011, Plaintiffs Hazel McMillon, Gene Strickland, Trudy Sabalboro, Katherine Vaiola, and Lee Sommers, individually ("the Named Plaintiffs"), and on behalf of a class of present and future residents of Kuhio Park Terrace ("KPT") and Kuhio Homes who have disabilities affected by architectural barriers and hazardous conditions (all collectively "Plaintiffs" or the "Class"), filed their Motion for Final Approval of Class Action Settlement ("Settlement Approval Motion") and Second Motion for an Award of Attorneys' Fees and Costs ("Fee Motion"). None of the other parties responded to the motions. On December 20, 2011, this matter came before the Court for a final fairness hearing for the proposed class action settlement[1] and a hearing on Plaintiffs' motions. Jason Kim,

---

[1] This Court previously filed its Order Granting Plaintiffs'
(continued...)

Esq., M. Victor Geminiani, Esq., and Deja Ostrowski, Esq., appeared on behalf of Plaintiffs; Robert Creps, Esq., appeared on behalf of Defendant/Cross Claimant/Cross Defendant Realty Laua LLC ("Realty Laua"); and Michael Tom, Esq., appeared on behalf of Third-Party Defendant/Counterclaimant Urban Management Corporation, doing business as Urban Real Estate Company ("Urban").  For the reasons set forth below, and after due consideration of the evidence and arguments presented by the parties and the record in this case, the Court concludes that good cause exists to grant final approval of the settlement agreement in this action pursuant to Federal Rules of Civil Procedure Rule 23(e) and to grant Plaintiffs' Settlement Approval Motion and Plaintiffs' Fee Motion.

## BACKGROUND

Plaintiffs filed their class action complaint on December 18, 2008 seeking damages, declaratory and injunctive relief, and attorneys' fees against Realty Laua and Defendants the State of Hawai`i and Hawai`i Public Housing Authority (collectively "State Defendants") for violations of Title II and Title V of the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"),

---

[1](...continued)
Second Motion for Preliminary Approval of Class Action Settlement on October 3, 2011 ("Preliminary Approval Order").  [Dkt. no. 294.]

and the Fair Housing Amendments Act of 1988 ("FHA").  The claims arise from discriminatory obstacles, hazardous conditions, and the failure to grant reasonable accommodations, for residents with disabilities in KPT and Kuhio Homes.  On July 17, 2009, the State Defendants filed a Third-Party Complaint against Urban, alleging, *inter alia*, that Urban was the managing agent for the project that consists of KPT and Kuhio Homes.

Plaintiffs moved for class certification on June 3, 2009, [dkt. no. 72,] and United States District Judge J. Michael Seabright granted Plaintiffs' motion on October 29, 2009,[2] certifying a class consisting of:

> all present and future residents of KPT and Kuhio Homes who are eligible for public housing, who have mobility impairments or other disabling medical conditions that constitute "disabilities" or "handicaps" under federal disability nondiscrimination laws, and who are being denied access to the facilities, programs, services, and/or activities of the Defendants, and or/discriminated against, because of the architectural barriers and/or hazardous conditions described in the Complaint.

[Order Granting Pltfs.' Motion for Class Certification, filed 10/29/09 (dkt. no. 120), at 30-31.]

Throughout the course of this action, this Court presided over numerous settlement discussions between the parties, and the parties also engaged in mediation before

---

[2] On October 29, 2010, the instant case was reassigned to this Court.

Keith Hunter. As a result of these discussions, which demonstrate good faith and arms-length negotiations, Plaintiffs reached a settlement agreement with Urban and Realty Laua (collectively "the Management Defendants"). The terms of the settlement are set forth below.

In addition, the Court notes that Plaintiffs previously reached a settlement with the State Defendants ("the State Settlement"), and this Court granted final approval of that settlement and granted Plaintiffs' motion for an award of attorneys' fees and costs attributable to the claims against the State Defendants. McMillon v. Hawai`i, Civil No. 08-00578 LEK, 2011 WL 744900 (D. Hawai`i Feb. 22, 2011).

## **PROPOSED SETTLEMENT**

Plaintiffs and the Management Defendants agreed to a settlement by which: Realty Laua shall pay $225,000 into a settlement fund for the benefit of the Class and their counsel ("the Settlement Fund"); Urban shall pay $150,000 into the Settlement Fund; the Named Plaintiffs, the State Defendants, and the Management Defendants shall release and dismiss all claims, third-party claims, cross-claims, and counterclaims alleged in the instant case and in the related state court action ("the State Lawsuit"); and Plaintiffs' counsel shall release any claim they may have for attorneys' fees and costs, and other expenses, arising out of this action against, *inter alia*, the Management

Defendants.³  [Mem. in Supp. of Settlement Approval Motion at 4; Motion, Decl. of Jason H. Kim ("Kim Approval Decl."), Exh. 1 (Settlement and Release Agreement ("Settlement Agreement")).]

Of the $375,000 that the Management Defendants will pay, Plaintiffs propose that the Court approve an award of $93,750 in attorneys' fees and $3,997.40 in costs.  [Fee Motion at 3.]  The remainder will be allocated for distribution to the Class.  Combined with the $200,000 allocated to the Class from the settlement with the State Defendants, the Class will receive a total award of almost $500,000.  This will result in payments of approximately $1,000 per unit at KPT and Kuhio Homes.  [Mem. in Supp. of Settlement Approval Motion at 7.]  Plaintiffs' Plan for Disbursement of Settlement Funds ("Disbursement Plan") is attached to the Settlement Approval Motion as Exhibit 2 to the Kim Approval Declaration.  It provides for both rent rebates for tenants and the funding of services to improve the residents' quality of life.

**PRELIMINARY APPROVAL OF SETTLEMENT AND**
<u>**NOTICE OF THE SETTLEMENT TO THE CLASS**</u>

This Court granted preliminary approval of the settlement, finding that it was "fair, reasonable, and adequate"

---

³ The claims that the Named Plaintiffs are releasing include various claims against the Management Defendants and their insurers which the State Defendants assigned to the Named Plaintiffs as part of the State Settlement.  [Mem. in Supp. of Settlement Approval Motion at 4.]

as required by Fed. R. Civ. P. Rule 23(e), and scheduled a final fairness hearing for December 20, 2011.  [Prelim. Approval Order at 3-4.]  The Court also directed Plaintiffs' counsel to provide notice of the settlement to the Class.

The Settlement Approval Motion states that Plaintiffs' counsel caused the Second Notice of Proposed Settlement of Class Action and the Disbursement Plan to be served by personal delivery to all current tenants of KPT and Kuhio Homes.[4]  In addition, both documents were posted in a prominent place at KPT.  The notice asked Class Members to contact Plaintiffs' counsel, Lawyers for Equal Justice ("LEJ"), if they had any questions or concerns.  On August 30, 2011 and September 14, 2011, LEJ convened meetings with KPT and Kuhio Homes tenants to discuss the settlement.  During those meetings, there was a discussion about the alternatives for distribution, and there was general consensus supporting the rent rebate and services plan.  Plaintiffs' counsel states that no Class Member has expressed opposition to the settlement or the distribution plan.  [Motion, Decl. of Victor Geminiani ("Geminiani Approval Decl.") at ¶¶ 2-6.]

At the December 20, 2011 final fairness hearing, Plaintiffs' counsel also represented that, when counsel posted

---

[4] The Second Notice of Proposed Settlement of Class Action is attached to the Settlement Approval Motion as Exhibit 3 to the Declaration of Victor Geminiani.

notice of the proposed settlement, counsel also provided translations in five different languages.  Counsel also provided translation services at the meetings they held with Class Members.  Counsel noted that one of the components of the distribution plan is that Class Members can opt out of only the lump sum rent rebate.  In addition to the meetings that counsel convened, counsel appeared at two tenant meetings to discuss and answer questions about this matter.  Plaintiffs' counsel have not received any objections to the settlement since the filing of the motions.

The Court therefore finds that, as required by Federal Rules of Civil Procedure Rule 23(e)(1), notice of the settlement was directed in a reasonable manner to all Class Members who would be bound by the settlement.

### **MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

Insofar as Plaintiffs' counsel are also parties to the Settlement Agreement, which provides that the payments from the Management Defendants include Plaintiffs' attorneys' fees and costs, this Court must examine the reasonableness of the proposed award of attorneys' fees and costs before it can grant final approval of the settlement.  See Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement.").

I.  **Entitlement to Attorneys' Fees and Costs**

The Settlement Agreement provides that the amounts the Management Defendants will pay are "inclusive of all attorneys' fees and costs[.]" [Settlement Agreement at 16-17.]  Further, it provides that the payments will be made to a client trust account for the benefit of both Plaintiffs and Plaintiffs' counsel.  [Id. at 17.]  Plaintiffs' counsel's law firms are parties to the Settlement Agreement, and they "fully release and discharge absolutely and forever any claim they may have for attorney fees, costs, or other expenses arising out of the Lawsuit against Urban, Realty Laua, their Representatives, and their Insurers . . . ."  [Id. at 15-16.]  Pursuant to the "common fund" theory, the Fee Motion seeks an award of $93,750 in attorneys' fees, representing twenty-five percent of the total payment by the Management Defendants.  [Mem. in Supp. of Fee Motion at 2.]

The Court notes that the "common fund" doctrine does not apply because the parties did not follow regular common fund procedure in this case.  See Staton v. Boeing Co., 327 F.3d 938, 969 (9th Cir. 2003) (citations omitted) ("Under regular common fund procedure, the parties settle for the total amount of the common fund and shift the fund to the court's supervision.  The plaintiffs' lawyers then apply to the court for a fee award from the fund.").  The parties have anticipated that the settlement payments from the Management Defendants will go into a fund, and

Plaintiffs have applied to the Court for an award of attorneys' fees and costs, but the fund is not under court supervision and this Court has not assumed a fiduciary role on behalf of the Class. See Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 968 (9th Cir. 2009) ("At the fee-setting stage when fees are to come out of the settlement fund, the district court has a fiduciary role for the class." (citation omitted)); In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 109 F.3d 602, 608 (9th Cir. 1997) ("In a common fund case, the judge must look out for the interests of the beneficiaries, to make sure that they obtain sufficient financial benefit after the lawyers are paid."). This, however, is not fatal to either motion.

      The settlement resolves, *inter alia*, Plaintiffs' ADA claims, and the ADA provides that a court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs[.]" 42 U.S.C. § 12205. Under the ADA, in order for a court to find that a party is the prevailing party for purposes of an award of attorneys' fees, the party "must achieve a material alteration of the legal relationship of the parties, and that alteration must be judicially sanctioned." Jankey v. Poop Deck, 537 F.3d 1122, 1129-30 (9th Cir. 2008) (citation and quotation marks omitted). These requirements are satisfied in the instant case, and Plaintiffs are the prevailing party for purposes of an award of

attorneys' fees and costs under the ADA.  The Court FINDS that Plaintiffs are entitled to an award of attorneys' fees and costs in this case.

## II. Amount of the Fee Award

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Although Plaintiffs do not request a lodestar award of attorneys' fees in this case, this Court uses the fees that it could have awarded Plaintiffs under the lodestar analysis as a gauge of the reasonableness of the attorneys' fees Plaintiffs seek in the Fee Motion.  See, e.g., Almodova v. City & Cnty. of Honolulu, Civil No. 07-00378 LEK-RLP, 2011 WL 4625692, at *5 (D. Hawai`i Sept. 30, 2011) (stating that the Court will use the lodestar method as a guide to review the agreed upon attorneys' fees in a Fair Labor Standards Act settlement for reasonableness); Shea v. Kahuku Hous. Found., Inc., Civil No. 09-00480 LEK-RLP, 2011 WL 1261150, at *6 (D. Hawai`i

11

Mar. 31, 2011) (using the lodestar analysis as a guide to evaluate the reasonableness of the agreed upon attorneys' fees in a settlement of action pursuant to Rule 23(h)); McMillon v. Hawai`i, 2011 WL 744900, at *4.  Plaintiffs also argue that the proposed fee award is reasonable under the lodestar analysis. [Mem. in Supp. of Fee Motion at 8-9.]

In the instant Fee Motion, Plaintiffs' counsel rely on the same hours and rates discussed in this Court's order approving the State Settlement. Compare Mem. in Supp. of Fee Motion at 6 with McMillon, 2011 WL 744900, at *4-5.  In that order, this Court determined reasonable hourly rates for each of the attorneys and staff persons reflected in the Fee Motion currently before this Court.  McMillon, 2011 WL 744900, at *6. This Court also determined the reasonable number of hours attributable to the case as a whole and found that the total lodestar fees that this Court would award for the case as a whole was $564,301.54.  Id. at *7-8.  In granting Plaintiffs' motion for attorneys' fees associated with the State Settlement, this Court stated:

> Plaintiffs argue that, even if the lodestar award were reduced by one-third to account for work done on the remaining claims against Realty Laua, it is clear the settlement allocation of $365,000 for attorneys' fees and costs is reasonable.  Thus, the total lodestar fees of $564,301.54 would be reduced to $376,201.03 to account for work on the claims that are not part of the settlement.

Id. at *8 (citation omitted).  This Court therefore found that

"the proposed allocation of $365,000.00 of the settlement fund for an award of Plaintiffs' attorneys' fees is reasonable." Id.

Insofar as this Court has already determined the applicable reasonable hourly rates and the reasonable number of hours expended through December 31, 2010 on the case as a whole, this Court need not revisit those issues here. In granting the motion for attorneys' fees associated with the State Settlement, this Court accepted Plaintiffs' proposed allocation of two-thirds of the hours expended on the case as a whole to work on claims against the State Defendants. The remaining one-third of the hours expended on the case as a whole is therefore attributable to work on claims against the Management Defendants. Thus, of the possible total lodestar award of $564,301.54 for the case as a whole, one-third - or $188,100.51, would be attributable to the attorneys' fees incurred in connection with the claims against the Management Defendants. The $93,750.00 proposed in the instant Fee Motion is far below that amount. The Court therefore FINDS that the proposed fee award of $93,750.00 is manifestly reasonable.

### III. **Award of Costs**

Plaintiffs' counsel state that Alston, Hunt, Floyd & Ing has incurred $3,997.40 in litigation costs since January 2011. [Fee Motion, Suppl. Decl. of Jason H. Kim ("Suppl. Kim Fee Decl.") at ¶ 3.] These costs consist of Westlaw research fees,

13

mediation fees, and fees for photocopying, postage, and messenger services. [Suppl. Kim Fee Decl., Exh. A.] Mr. Kim states that these costs "are the types of costs typically billed to fee-paying clients[.]" [Suppl. Kim Fee Decl. at ¶ 3.]

As noted in the Fee Motion, the ADA authorizes an award of "litigation expenses, and costs" to the prevailing party as part of the award of a reasonable attorney's fee. 42 U.S.C. § 12205. The Ninth Circuit has recognized that this includes expenses such as expert witness fees, travel expenses, and the cost of preparing exhibits. Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002) (citing 28 C.F.R. Pt. 35, App. A, Section-by-Section Analysis, § 35.175; H.R. Rpt. No. 101-485(III) at 73, reprinted in 1990 U.S.C.C.A.N. 445, 496 (Report of the Committee on the Judiciary)). The Court therefore FINDS that the costs Plaintiffs' counsel incurred since January 2011 were reasonable and would be compensable under the ADA.

In light of the foregoing, the Court GRANTS Plaintiffs' Fee Motion in its entirety.

## FINAL APPROVAL OF SETTLEMENT

Rule 23(e) states, in pertinent part:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:

14

> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> . . . .
>
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

"The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted).

The Court must examine the settlement as a whole for overall fairness. The Court must approve or reject the settlement in its entirety; it cannot alter certain provisions. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). The Court must balance the following factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Id. (citations omitted).

The Court has already evaluated the proposed settlement and found it to be fair, reasonable, and adequate pursuant to Rule 23(e).  [Prelim. Approval Order at 3.]  The Court reaffirms that finding here.

Despite being duly notified of the settlement, no Class Member has filed objections to the settlement.  Furthermore, no Class Member appeared at the final fairness hearing to object to the settlement.  Finally, Plaintiffs' counsel represented to the Court that no Class Member has contacted Class counsel to object to, or otherwise express any reservations about, the settlement.  The Court therefore FINDS that no Class Member objects to this settlement, and this is further support for the Court's conclusion that the settlement is fair, reasonable, and adequate.

## CONCLUSION

In light of the foregoing, the Court ORDERS as follows:

1.  The Court FINDS that the requirements of Federal Rules of Civil Procedure Rule 23(e) have been satisfied and that the Settlement Agreement between Plaintiffs and the Management Defendants is fair, reasonable, and adequate.

2.  The Court therefore GRANTS final approval of the settlement, and ORDERS the parties to perform their duties under the Settlement Agreement within thirty (30) days after the filing of this Order.

3. As of the effective date of the settlement, the released claims of each Class Member who has not opted out of the Class, pursuant to the terms of the settlement agreement, are and shall be deemed to be fully, finally, and conclusively resolved as against the Management Defendants.

4. Within thirty (30) days after the funding of the settlement fund, Plaintiffs' counsel shall file with the Court a report showing the distribution of the settlement fund.

5. Upon receipt of such report and approval by the Court and the settling parties, this Court will dismiss Plaintiffs' claims against the Management Defendants with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 21, 2011.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HAZEL MCMILLON, ET AL. V. STATE OF HAWAI`I, ET AL; CIVIL NO. 08-00578 LEK-RLP; ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' SECOND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**